UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORA ARMENTA,<br><br>         Plaintiff,<br><br>v.<br><br>GO-STAFF, INC., et al.,<br><br>         Defendant. | Case No.: 16-CV-2548 JLS (AGS)<br><br>**ORDER GRANTING DEFENDANT GO-STAFF, INC.'S MOTION TO COMPEL ARBITRATION AND STAY COURT ACTION**<br><br>(ECF No. 4) |

  Presently before the Court is Defendant Go-Staff, Inc.'s ("Go-Staff" or "Defendant") Motion to Compel Arbitration and Stay Court Action. ("Mot. to Compel," ECF No. 4.) Plaintiff Flora Armenta ("Armenta" or "Plaintiff") filed a response in opposition to Defendant's motion ("Opp'n," ECF No. 7), and Defendant filed a reply in support of its motion ("Reply," ECF No. 15). On March 9, 2017 the Court vacated the hearing on the motion and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 14.) After considering the parties' arguments and the law, the Court **GRANTS** Defendant's Motion to Compel Arbitration.

/ / /

/ / /

/ / /

/ / /

## BACKGROUND

On October 12, 2016, Plaintiff filed a class action complaint ("Complaint") against Defendant Go-Staff, Inc. alleging causes of action for (1) failure and refusal to pay agreed wages; (2) failure to pay minimum wage under California law; (3) failure to provide accurate itemized wage statements; (4) failure to pay wages upon termination; (5) unfair competition; and (6) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"). (Compl., ECF No. 1.) Plaintiff and the other class members were at one time employed by Defendant, and all claims arise from said employment. (*Id.* ¶ 12.)

On November 10, 2016, Defendant filed the instant Motion to Compel Arbitration and Stay Court Action pursuant to a signed Arbitration Agreement ("the Agreement") between Plaintiff and Defendant. (Mot. to Compel 1–2, ECF No. 4-1.) Defendant alleges the Agreement governs the present action. (*Id.* at 1.) Specifically, Defendant contends that on February 20, 2015, shortly after Plaintiff was hired, Plaintiff received and signed a number of new hire documents, including the Agreement and a "Memorandum Regarding the Arbitration Process and Agreement," which "explained the arbitration process and agreement." (*Id.* at 2.) Defendant argues that the Agreement (1) requires Plaintiff to submit to binding arbitration "of any claims that result from or in any way relate to Plaintiff's employment relationship with Go-Staff," and (2) waives Plaintiff's right to bring a claim on a class or representative action basis. (*Id.* at 4.)

The Agreement states that "[t]he purpose of this Agreement is to establish final and binding arbitration for all disputes arising out of Employee's relationship with Employer . . . ." (Decl. of Jeanmarie Gibson ("Gibson Decl.") Ex. 1, ECF No. 4-3.) Section 1 of the Agreement explains which claims are covered by the Agreement, including: "claims for wages or other compensate due; claims for penalties or premiums; . . . claims for unfair business practices; . . . and claims for violation of any public policy, federal, state, or other governmental law, statute, regulation, or ordinance." (*Id.* § 1.) Section 13 provides the waiver of representative/class action proceedings, which states that "EMPLOYEE AND EMPLOYER KNOWINGLY AND VOLUNTARILY AGREE TO

BRING ANY CLAIMS GOVERNED BY THIS AGREEMENT IN HIS/HER/ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF, CLASS MEMBER, OR REPRESENTATIVE IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION." (*Id.* § 13.) Finally, Section 4.3 states that "[t]he arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable." (*Id.* § 4.3.)

Defendant further argues that the Court should stay the present action until the Supreme Court has resolved *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016) *cert. granted*, 85 U.S.L.W. 3341, 3344 (U.S. Jan. 13, 2017) (No. 16-300), a case that may impact the outcome of this case. (Reply 7, ECF No. 15.) Specifically, Defendant argues that a stay is warranted in this instance because (1) Go-Staff will suffer "substantial and irreparable harm" litigating this case due to the potential that the Supreme Court will reverse *Morris* and hold enforceable mandatory arbitration agreements with a class action waiver; (2) Plaintiff and the class would suffer "minimal (if any)" harm because the sole relief sought is monetary in nature; and (3) the stay would promote judicial economy and efficiency. (*Id.* at 7–9.)

Plaintiff does not appear to dispute that she received and signed the Agreement. (*See generally* Opp'n, ECF No. 7.) Instead, Plaintiff argues that the Agreement is unenforceable under *Morris* because the Agreement contains a requirement that employees waive their right to bring a class action. (*Id.* at 1–2.) Plaintiff contends that *Morris*, which held that a mandatory arbitration agreement with a class action waiver violates the National Labor Relations Act ("NLRA"), is controlling and, therefore, the Agreement violates the NLRA. (*Id.*) Finally, Plaintiff argues that a stay is not warranted because (1) Plaintiff and the class could "suffer substantial damage if they are not allowed to pursue their interpretation of the Labor Code"; and (2) Defendant and other temporary staffing agencies "will continue their practices of refusing to compensate employees and more lawsuits regarding the same legal issues." (*Id.* at 2.)

# LEGAL STANDARD

The Federal Arbitration Act (FAA) governs the enforceability of arbitration agreements in contracts. *See* 9 U.S.C. § 1, *et seq.*; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–26 (1991). If a suit is proceeding in federal court, the party seeking arbitration may move the district court to compel the resisting party to submit to arbitration pursuant to their private agreement to arbitrate the dispute. 9 U.S.C. § 4. The FAA reflects both a "liberal federal policy favoring arbitration agreements" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotations and citations omitted); *see also Kilgore v. Keybank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc) ("The FAA was intended to 'overcome an anachronistic judicial hostility to agreements to arbitrate, which American courts had borrowed from English common law.'" (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.14 (1985))); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) ("The [FAA] not only placed arbitration agreements on equal footing with other contracts, but established a federal policy in favor of arbitration, [citation], and a federal common law of arbitrability which preempts state law disfavoring arbitration.").

In determining whether to compel a party to arbitration, the Court may not review the merits of the dispute; rather, the Court's role under the FAA is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). If the Court finds that the answers to those questions are yes, the Court must compel arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). In determining the validity of an arbitration agreement, the Court applies state law contract principles. *Adams*, 279 F.3d at 892; *see also* 9 U.S.C. § 2. To be valid, an arbitration agreement must be in writing, but it need not be signed by the party to whom it applies as acceptance may be implied in fact. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev.*

///

*(US), LLC*, 55 Cal. 4th 233, 236 (2012). Further, "[a]n arbitration clause within a contract may be binding on a party even if the party never actually read the clause." *Id.*

## ANALYSIS

**I.    Whether the Agreement Is Enforceable**

Because Plaintiff does not dispute that (1) she accepted the terms of the Agreement and (2) that the Agreement covers this dispute,[1] (*see* Opp'n, ECF No. 7), the dispositive question for purposes of whether Plaintiff must arbitrate these claims is whether the Agreement is otherwise enforceable.

Plaintiff argues that the Court may not compel arbitration and therefore Plaintiff should be able to pursue her class claims in this Court because the recent decision in *Morris* renders the Agreement unenforceable in its entirety. (*Id.* at 1.) The Ninth Circuit in *Morris* held that "[t]he right to concerted employee activity cannot be waived in an arbitration agreement." *Morris*, 834 F.3d at 986. Because the right of employees to pursue legal claims together are central, fundamental protections of the NLRA, "the FAA does not mandate the enforcement of a contract that alleges their waiver." *Id.*

But before the Court can determine whether a specific clause within the Agreement is void, the threshold issue is "*who decides* whether the agreement permits or prohibits classwide arbitration, a court or the arbitrator?" *Sandquist v. Lebo Auto., Inc.*, 205 Cal. Rptr. 3d 359, 363 (2016) (emphasis in original). The answer of "who decides is in the first instance a matter of agreement, with the parties' agreement subject to interpretation under state contract law." *Id.* In California, "[t]he fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *State v. Cont'l Ins. Co.*, 145 Cal. Rptr. 3d 1, 6 (2012) (quoting *Bank of the W. v. Superior Court*, 10 Cal. Rptr. 2d 538, 545 (1991)). Under both federal and California law, "when the allocation of a matter to

---

[1] The Court agrees that the language contained in the Agreement encompasses Plaintiff's claims. The Agreement extends to "all disputes arising out of Employee's relationship with Employer." (Gibson Decl. Ex. 1, ECF No. 4–3.) The allegations in Plaintiff's Complaint arise out of her employment relationship with Defendant. (Compl. ¶ 1, ECF No. 1 ("This class action arises from defendant Go-Staff, Inc.'s . . . failure to compensate its employees as required by California law.").)

arbitration or the courts is uncertain, [the courts] resolve all doubts in favor of arbitration." *Sandquist*, 205 Cal. Rptr. at 368 (citing *Wagner Constr. Co. v. Pac. Mech. Corp.*, 58 Cal. Rptr. 3d 434 (2007)).

The Agreement here contains a delegation clause, which states that

> The arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable.

(Gibson Decl. Ex. 1, § 4.3, ECF No. 4–3.) This language is comprehensive and instructs that the current dispute over the enforceability of the mandatory class-action waiver falls squarely within the authority delegated to the arbitrator.

There is no presumption that the availability of class arbitration is a decision for the courts, but "[a]ny state law presumption, were there one, would have to yield to whatever presumption the FAA establishes." *Sandquist*, 205 Cal. Rptr. 3d at 371. On the other hand, issues over whether there is an enforceable arbitration agreement or whether it applies to the dispute at hand are presumed issues reserved for the courts, although issues regarding "the meaning and application of particular procedural preconditions for the use of arbitration" are presumed issues for the arbitrator. *Id.* at 372 (quoting *BG Grp. PLC v. Republic of Arg.*, 134 S. Ct. 1198, 1207 (2014)). Finally, and most importantly:

> Whether an agreement forbids class arbitration concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. It does not touch on any threshold matter necessary to establish as a condition precedent an agreement to arbitrate, but rather entails what kind of arbitration proceeding the parties agreed to. The question involves contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question.

*Id.* at 372–73 (citations and emphasis omitted).

Although Plaintiff challenges the class-action waiver provision of the Agreement, she does not challenge the delegation provision specifically. (*See* Opp'n, ECF No. 7.) And because Plaintiff does not challenge the delegation provision specifically it must be treated as valid under Section 2 of the FAA, and "any challenge to the validity of the Agreement as a whole" must be left to the arbitrator. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (upholding a delegation clause within an arbitration agreement because plaintiff failed to "contest the validity of the delegation provision in particular"). Although Plaintiff may be correct that mandatory class-action waivers are illegal post-*Morris*, that is an issue for the Arbitrator to decide.[2] Because the parties' Arbitration Agreement allocates to the Arbitrator the authority to resolve disputes relating to claims that all or any part of the Agreement is void, and because Plaintiff does not directly dispute the delegation of this authority, the Court concludes that the Agreement is enforceable. Therefore, the Court **GRANTS** Defendant's Motion to Compel Arbitration.[3]

Furthermore, even if the Court had the authority to consider the illegality of the mandatory class-action waiver, Defendant's Motion to Compel Arbitration would still be granted. When an otherwise valid arbitration agreement contains an illegal provision, such as a mandatory waiver of concerted legal action, "[t]he [provision] may be excised, or the district court may decline enforcement of the contract altogether" depending on whether the illegal provision is central to the parties' agreement. *Morris*, 834 F.3d at 985; *see also Rent-A-Center*, 561 U.S. at 70 ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement

---

[2] In addition, *Morris* did not categorically hold that an arbitration agreement containing an illegal class-action waiver clause is, as a whole, voided as a result of that clause. To the contrary, the *Morris* court "remand[ed] to the district court to determine whether the 'separate proceedings' clause is severable from the contract [and took] no position on whether arbitration [would] ultimately be required in th[e] case." 834 F.3d at 990.

[3] Defendant additionally argues in its Reply that Plaintiff "cannot represent employees who were provided with a meaningful opportunity to opt-out of the Arbitration Agreement." (Reply 4, ECF No. 15.) The Court does not address this argument because as explained in Part I, *supra*, the uncontested delegation clause within the Agreement instructs that issues of this nature must be resolved by an arbitrator.

7

to arbitrate."). In California, courts have "the power, not the duty, to sever contracts in order to avoid an inequitable windfall or preserve a contractual relationship where doing so would not condone illegality." *Marathon Entm't, Inc. v. Blasi*, 70 Cal. Rptr. 3d 727, 740 (2008). In determining whether to excise the illegal portion of a contract or to void the entire contract, "[c]ourts are to look to the various purposes of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 99 Cal. Rptr. 2d 745, 775 (2000), *abrogated on other grounds by Concepcion*, 563 U.S. 333. As discussed, besides the class-action waiver, Plaintiff does not challenge the enforceability of the Agreement. The Court thus assesses whether the illegal, class-action waiver provision of the Agreement is central to the parties' Agreement. *See Morris*, 834 F.3d at 990 (determining that the "separate proceedings" clause was unenforceable and remanding to the district court to determine if the clause is severable from the contract).

The first sentence of the Agreement states "[t]he purpose of this Agreement is to establish final and binding arbitration for all disputes arising out of Employee's relationship with Employer . . . ." (Gibson Decl. Ex. 1, ECF No. 4–3.) The suspect clause that prevents concerted legal action and is therefore unenforceable post-*Morris* states that the employee agrees "TO BRING ANY CLAIMS GOVERNED BY THIS AGREEMENT IN HIS/HER/ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF, CLASS MEMBER, OR REPRESENTATIVE IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION. . . . EMPLOYEE . . . THEREFORE AGREE[S] TO WAIVE ANY RIGHT TO PARTICIPATE IN ANY REPRESENTATIVE OR CLASS ACTION." (*Id.* § 13.) This Section also states that "EMPLOYEE AND EMPLOYER FURTHER AGREE THAT THE ARBITRATOR MAY NOT CONSOLIDATE MORE THAN ONE INDIVIDUAL'S CLAIMS, AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF REPRESENTATIVE OR CLASS ACTION PROCEEDING."

(*Id.*) This provision violates the NLRA and is therefore (at least currently) illegal. *Morris*, 834 F.3d at 989 ("[W]hen arbitration or any other mechanism is used exclusively, substantive federal rights [including the right of employees to pursue legal claims together] continue to apply in those proceedings.").

Admittedly, this clause prohibiting class actions is seemingly an important aspect of the Agreement considering it is written in all capital letters and bolded. (*See* Gibson Decl. Ex. 1, § 13, ECF No. 4–3.) However, even given the emphases, looking at the Arbitration Agreement as a whole, it appears that the class-action waiver clause is not the central purpose of the Agreement. Instead, the class-action waiver is just one clause of an overall Agreement whose "purpose . . . is to establish final and binding arbitration." (*Id.* § 1.) Therefore, because the illegal provision prohibiting class-actions is not central to the Agreement, that specific provision would be stricken, and the remainder of the Agreement would stand.[4]

## II. Whether the Case Should be Stayed

Defendant requests the case be stayed pending resolution of the Arbitration. (Mot. to Compel 8, ECF No. 4–1.) In response, Plaintiff argues that she and the remainder of the class "could suffer substantial damage" and Defendants "and other temporary staffing agencies" will continue their allegedly wrongful practices "leading to more uncompensated employees and more lawsuits regarding the same legal issues" if the case is stayed. (Opp'n 2, ECF No. 7.) Plaintiff does not specify how or what kind of "substantial damage" she would suffer if this case was stayed. Additionally, Plaintiff's speculation about the practices of other staffing agencies is not relevant to the present case.

Defendant counters that (1) a stay is warranted pending the Supreme Court's decision in *Morris* and (2) Defendant (and not Plaintiff) will "suffer substantial and irreparable harm if forced to proceed with this case in court based solely on the assumption

---

[4] This analysis, of course, does not bind the arbitrator. The principal holding of this Order is that this question is contractually suited to the arbitrator and, because the Court grants Defendant's Motion to Compel arbitration, the arbitrator will ultimately make this determination.

9

that all employees that Plaintiff seeks to represent signed the same arbitration agreement that she signed." (Reply 7–9, ECF No. 15.) As explained in Part I, *supra*, the parties have agreed to delegate to the Arbitrator "any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable." (Gibson Decl. Ex. 1, § 4.3, ECF No. 4–3.) Therefore, the issue of the whether the mandatory arbitration clause within the Agreement violates the NLRA is entirely for the Arbitrator's review. The Court need not decide whether to "exercise its inherent power to stay proceedings pending resolution of [a] decision of the United States Supreme Court that has the potential to impact the legal issues before the court," (Reply 7, ECF No. 15), because Plaintiff's claims have already been compelled to Arbitration. Therefore, pursuant to the FAA, the Court **STAYS** the judicial proceedings pending the outcome of any arbitration. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978) (holding that courts shall order a stay of judicial proceedings "pending compliance with a contractual arbitration clause").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons stated above, the Court concludes that the parties have validly agreed to delegate all issues relating to the Agreement to the arbitrator, including whether the mandatory class-action waiver is illegal. Accordingly, the Court **GRANTS** Defendant's Motion to Compel Arbitration (ECF No. 4). Furthermore, pursuant to the FAA, the Court **STAYS** the judicial proceedings pending the outcome of any arbitration. *See* 9 U.S.C. § 3.

**IT IS SO ORDERED.**

Dated: May 3, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge